Belknap, }
June, 1895. }

### SIMPSON & a. v. PEMIGEWASSET NATIONAL BANK.

If money entrusted to the mails is stolen after arrival at its destination, an addressee who has declined to take it from the post-office is not liable to the sender on an implied assumpsit.

ASSUMPSIT, for money paid and lent. Facts found by the court.

The plaintiffs did business at Center Harbor, and the defendants, at Plymouth. From 1889 to 1893 the plaintiffs, in accordance with an agreement with the defendants, sent money for deposit, subject to withdrawal by check, to the defendants, sometimes by registered letter and sometimes by express,— the defendants paying the charges when the money was sent by express. July 31, 1893, the plaintiffs sent the defendants by registered letter $240 in currency, and it was received at the Plymouth post-office about 1.30 o'clock P. M., August 1. August 2, they sent another sum in the same way, which was received at the Plymouth post-office about 1.30 o'clock P. M. on the same day, and was delivered to the defendants soon afterward. About half past five o'clock in the afternoon of August 2, the defendants' teller was informed by the postmaster's assistant that the registered letter which arrived August 1, was in the post-office, and should have been delivered to the defendants with their noon mail. This was the first information anyone connected with the bank received that the letter was in the post-office. The teller declined to receive the letter then because it was against the

rules of the bank to receive money at that time of the day, it being after banking hours, and because the vault of the bank, being locked by a time lock, could not be opened. During the night of August 2–3 the post-office was broken into, and the registered letter last mentioned was stolen. The plaintiffs seek to recover the $240; and they and the defendants moved for judgment in their favor respectively.

*Jewell & Stone,* for the plaintiffs.

*Burleigh & Adams,* for the defendants.

CHASE, J. It is not found that the defendants promised to pay the plaintiffs for the money in question. Such a promise cannot be inferred from the facts reported. Neither is it found that the defendants were guilty of negligence; and so it is unnecessary to consider the question, whether the defendants would be liable in this action if they were negligent.

*Judgment for the defendants.*

SMITH, J., did not sit: the others concurred.